```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ZHAN HE,

                Plaintiff,           MEMORANDUM & ORDER
                                     15-CV-4575(JS)(AKT)
        -against-

OCWEN LOAN SERVICING, LLC,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:      Kenneth B. Schwartz, Esq.
                    The Schwartz Law Group, P.C.
                    326 Broadway, Suite 203
                    Bethpage, New York 11714

For Defendant:      Constantine Philip Economides, Esq.
                    Patrick G. Broderick, Esq.
                    Matthew Miles Spritz, Esq.
                    Greenberg Traurig, LLP
                    777 S. Flager Drive, Ste. 300 East
                    West Palm Beach, Florida 33401

                    Shane Matthew Biffar, Esq.
                    Greenberg Traurig, LLP
                    200 Park Ave., 28th Fl.
                    New York, New York 10166
```

SEYBERT, District Judge:

Plaintiff, Zhan He ("Plaintiff") commenced this action on August 5, 2015, against Ocwen Loan Servicing, LLC ("Defendant") claiming that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., and New York General Business Law § 349 ("Section 349") when it refused to consider Plaintiff's loss mitigation application. Pending before the Court is Defendant's motion to dismiss the Complaint (Docket

Entry 9.) For the following reasons, Defendant's motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND[1]

Plaintiff was the owner of real property located in Glen Cove, New York ("the Property") and Defendant was the servicer of Plaintiff's mortgage on the Property. (Compl. ¶¶ 6-7.) In November 2011, Defendant commenced a foreclosure action against Plaintiff and a judgment of foreclosure and sale was issued against the Property on December 4, 2013. (Compl. ¶¶ 8-9.) According to Defendant, the foreclosure sale was originally scheduled to take place on March 11, 2014, but was subsequently rescheduled several times for reasons unknown. (See Def.'s Br, Docket Entry 10, at 5.)

Plaintiff alleges in the Complaint that she submitted a Loss Mitigation Application (the "Application") to Defendant on June 16, 2015, seeking to sell her Property through a "short" sale in an effort to avoid the foreclosure sale. (See Compl. ¶ 12.) The next day, however, Defendant rejected Plaintiff's Application, explaining that "the discount (short) sale package was not received until too close to the confirmed foreclosure sale date that was already set." (Compl. ¶ 15.)

---

[1] The following facts are taken from the Complaint and are presumed to be true for the purposes of this Memorandum and Order.

The day after Defendant rejected the Application, Defendant issued a Notice of Sale, scheduling the foreclosure sale for July 21, 2015. The foreclosure sale was held on that date and the Property was sold. (Compl. ¶¶ 10, 13.)

Plaintiff alleges that Defendant failed to timely evaluate her Application prior to the foreclosure sale in violation of RESPA and Section 349. (Compl. ¶¶ 16-32.) Pending before the court is Defendant's motion to dismiss. (Docket Entry 9.) In the motion, Defendant principally argues that (1) Plaintiff's Application was untimely and (2) Plaintiff's Section 349 claim fails because Plaintiff did not plead "deceptive conduct which went beyond his contractual dispute" with Defendant. (Def.'s Br. at 3, 8.)

DISCUSSION

I. Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo working principles." Aschroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); accord Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 679; accord Harris, 572 F.3d at

72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679. Determining whether a complaint does so is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; accord Harris, 572 F.3d at 72.

Furthermore, in deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998). However, this has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

## II. Plaintiff's Claims Under RESPA and 12 C.F.R. § 1024.41

RESPA is a consumer protection statute that was enacted by Congress to "insure that consumers throughout the Nation are provided with greater and more timely information on the nature and costs of the settlement process and are protected from unnecessarily high settlement charges caused by [ ] abusive practices that have developed in some areas of the country." 12

4

U.S.C. 2601(a). The Consumer Financial Protection Bureau ("CFPB") is charged with creating rules, regulations, and interpretations necessary to achieve RESPA's purpose. See 12 U.S.C. § 2617(a). Plaintiff alleges in this case that Defendant failed to consider his Application in violation of 12 C.F.R. § 1024.41, a rule promulgated by the CFPB concerning loss mitigation procedures for residential mortgages. See 12 C.F.R. § 1024.41; see Gresham v. Wells Fargo Bank, N.A., --- F. App'x ----, 2016 WL 1127717, at *2 (5th Cir. 2016). Section 1024.41 specifically "prohibits a loan servicer from initiating foreclosure if a mortgagor has submitted a loan-modification application unless certain conditions are met." Ray v. U.S. Bank Nat'l Ass'n, 627 F. App'x 452, 456 (6th Cir. 2015). Borrowers have a private right of action under RESPA against lenders who evaluate a loss mitigation application while at the same time pursuing foreclosure. See Kilgore v. Ocwen Loan Servicing, LLC, No. 13-CV-5473 2015 WL 698108, at *9 (E.D.N.Y. Mar. 6, 2015); Wenegieme v. Bayview Loan Servicing, No. 14-CV-9137, 2015 WL 2151822, at *2 (S.D.N.Y. May 7, 2015), appeal dismissed (Aug. 27, 2015); 12 U.S.C. § 2605(f).

Defendant argues in its motion to dismiss that is was not required to review and consider Plaintiff's Application, prior to the foreclosure sale, because the application was submitted too late. (Def.'s Br. at 4-5.) Defendant specifically relies upon provisions of Section 1024.41 requiring a mortgage servicer to

5

review and consider a loss mitigation application received "more than 37 days before the foreclosure sale." 12 C.F.R. § 1024.41(c)(1), (g)(1). Since Plaintiff's application was received only thirty-five days before the scheduled foreclosure sale, Defendant claims it was not obligated to review the Application. The Court disagrees.

A mortgage servicer need not consider a loss mitigation application received less than thirty-seven days before a foreclosure sale. 12 C.F.R. § 1024.41(c)(1), (g)(1); see also Gresham, 2016 WL 1127717, at *2. In this case, however, the Complaint alleges that the foreclosure sale was not scheduled at the time Defendant received Plaintiff's application. While such a situation is not addressed within Section 1024.41, according to the CFPB's official commentary, "[i]if no foreclosure sale has been scheduled as of the date that a complete loss mitigation application is received, the application is considered to have been received more than 90 days before any foreclosure sale." Consumer Financial Protection Bureau's Official Staff Commentary on Regulation X, 2014 WL 2195779, at *3 (June 2016). Of course, the CFPB's Commentary is not controlling legal authority. Here, however, the Court finds the Commentary to be highly persuasive because it fills a gap in the text of Section 1024.41 and squarely addresses the factual situation described in the Complaint. According to the Complaint, Plaintiff's Application was received

6

by Defendant before the foreclosure sale was scheduled. Thus, the application must be "considered to have been received more than 90 days before any foreclosure sale." Id. Defendants therefore may not rely upon the thirty-seven-day window as a basis to dismiss the Complaint.

III. Section 349 Claim

Defendant also moves to dismiss Plaintiff's Section 349 claim. Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service." N.Y. GEN. BUS. L. § 349(a). To successfully state a claim under Section 349, "'a plaintiff must demonstrate that (1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" Kilgore v. Ocwen Loan Servicing, 89 F. Supp. 3d 526, 535 (E.D.N.Y. 2015) (quoting Maurizio v. Goldsmith, 230 F.3d 518, 521 (2d Cir. 2000)); see also Kapsis v. Am. Home Mortg. Servicing, Inc., 923 F. Supp. 2d 430, 449. Consumer-oriented conduct is "conduct that potentially affects similarly situated consumers." Kapsis, 923 F. Supp. 2d at 449; see Kilgore, 89 F. Supp.3d at 535 (noting that the "gravamen of the complaint must be consumer injury" and "conclusory allegations" of injury are insufficient to support a plausible claim for relief under Section 349). Plaintiff's allegations are insufficient to make out the first element of a Section 349 claim

7

because he fails to plead facts showing that any deceptive conduct occurred beyond Plaintiff's dispute with Defendant regarding her Application. See Kilgore, 89 F. Supp. 3d at 536; Kapsis, F. Supp. 2d at 449. See O.K. Petroleum v. Travelers Indem. Co., No. 09-CV-10273, 2010 WL 2813804, at *5 (S.D.N.Y. July 15, 2010) ("In order to survive this motion, Plaintiffs were required to plead facts showing that the deceptive conduct went beyond the contractual dispute between these parties."). Plaintiff argues that Defendant's actions were "misleading" because Defendant "represented itself as a duly authorized servicer of mortgage loans that would act in accordance with the requirements of governing law" as provided under RESPA and its regulations. (Compl. ¶ 31.) However, Plaintiff's Complaint does not allege facts to demonstrate conduct that injured similarly situated consumers. Therefore, Plaintiff's Section 349 claim is DISMISSED.[2]

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Docket Entry 9) is GRANTED IN PART and DENIED IN PART.

---

[2] The Court need not address Defendant's additional arguments because they rely upon documents outside of the pleadings. Chambers v. Time Warner, Inc., 282 F.3d 147, 154 (2d Cir. 2002); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 46 (2d Cir. 1991); Hoo-Chong v. Citimortgage, Inc., No. 15-CV-4051, 2016 WL 868814, at *3 (E.D.N.Y. Mar. 7, 2016)

8

Specifically, Plaintiff's Section 349 claim is DISMISSED, however, the balance of Defendant's motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   14  , 2016
         Central Islip, New York